UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-20256
Summary Calendar
_____


BEN P. KNIPE,

                              Plaintiff-Appellant

                    versus

BANK UNITED OF TEXAS, doing business as Commonwealth United
Mortgage; JOANN CAMPBELL; MIKE GALE,

                              Defendants-Appellees


_____

Appeal from the United States District Court for the
Southern District of Texas
(H-94-CV-4219)
_____
September 6, 1996


Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:[*]

    Appellant Ben P. Knipe appeals the dismissal of his retaliation claim against appellees under 12 U.S.C. § 1831j, the whistle-blower protection provision of the Financial Institutions Reform, Recovery, and Enforcement Act (FIRREA). Knipe also appeals

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

the dismissal of his pendent breach of contract claim. Both claims were dismissed on motion for summary judgment by order of the district court (Atlas, J.), entered February 13, 1996. We affirm for the following reasons.

Under Section 1831j, an insured bank may not discharge or discriminate against an employee because he or she has provided federal banking regulators with information about possible violations of banking laws or regulations. The district court, applying the correct standard on summary judgment, found that appellant could not establish a claim under Section 1831j.

First, the court found that Knipe did not complain to federal regulators of the bank's alleged illegal conduct until after he was removed from the bank's roster of appraisers. The court concluded that the bank's removal of Knipe from its rotation of appraisers thus could not have been retaliatory. The record fully supports the district court's determination as to the sequence of events. In deposition testimony, Knipe stated that he learned in late December 1992 that he had been removed from the bank's rotation of appraisers on November 20, 1992. (Dep. of Ben P. Knipe, Record Excerpts, Ex. A at 89) He testified that he did not contact the Office of Thrift Supervision (OTS) to complain of alleged misconduct by the bank until January or February of 1993. (Knipe Dep. at 34) By his own testimony, therefore, Knipe could not have been "discharge[d] or otherwise discriminate[d] against . . . because [he] . . . provided information to any Federal Banking

2

agency."  12 U.S.C. § 1831j.  Although Knipe subsequently altered his narrative, stating that he had first contacted the OTS in December 1992, that date will not support a claim of retaliation based on his allegation that the bank removed him from its list of appraisers on November 20, 1992.  (Aff. of Ben P. Knipe, Record Excerpts, Ex. D, ¶ 6)

We affirm the dismissal of appellant's federal claim because there is no genuine issue of material fact regarding Knipe's claim that the bank's action was retaliatory.  We need not address, and express no opinion regarding, the district court's alternative holding that Knipe was an independent contractor rather than an employee of the bank, and therefore was unprotected by the whistle-blower statute.

Finally, we affirm the dismissal of Knipe's pendent contract claim for the reasons set out in the district court's opinion.  A thorough review of Knipe's contract with the bank indicates that Knipe was required to meet certain professional standards in performing any appraisal work that the bank might ask him to do. He was not guaranteed any particular volume of work, or indeed, any work at all.  There is no genuine issue as to whether the bank breached its contract with Knipe by ceasing to ask him to perform appraisal work.